In the Matter of the Claim of SAMUEL BERNSTEIN, Appellant. MARTIN P. CATHERWOOD, as Industrial Commissioner, Respondent.— HERLIHY, J. Appeal by the claimant from a decision of the Unemployment Insurance Appeal Board, dated February 7, 1968, which sustained an initial determination of the respondent disqualifying claimant from receiving benefits for the period commencing July 31, 1967 and ending August 6, 1967. The disqualification is based upon a failure of the claimant to comply with registration require-

ments. Section 590 of the Labor Law provides that a claimant must comply with the provisions relating to claim filing. Subdivisions 1 and 2 of section 596 of the Labor Law provide that the claimant must file his claim and report his unemployment or employment status in such manner and in accordance with such regulations as the " commissioner shall prescribe ". The facts as found by the Referee are not disputed and are as follows: " Claimant, a Friday reporter, did not work on Friday, August 4, 1967. He was generally employed by a temporary help agency. His regular reporting time was from 8:45 to 9:15 a. m. However, on the day in question, claimant went directly in the morning to the office of the temporary agency where he was employed, hoping to obtain an assignment that day. None was available for him, but he stayed at the office until about noontime. He then went to the unemployment insurance office but instead of registering his claim, he asked for and obtained the form for registration by mail, which he subsequently filled out and returned, showing that he last worked on Thursday, August 3, 1967, and that he returned to work on Monday, August 7, 1967. Claimant did not register his claim when he went to the insurance office on August 4 because he believed that his proper procedure was to file the mailed report. Claimant had had previous experience in applying for unemployment insurance." It appears that claimant mailed the registration form to his reporting office on August 7 (Monday), 1967 and that this form showed his daily employment status. Subsequently, on August 18, 1967, the claimant appeared at his local office, after being advised by it that he had failed to register, and either filed or attempted to file an " additional claim" for the period in dispute. While the determination of the board may seem harsh and a strict interpretation of its rules, it is not for the courts to alter or amend the action of the administrative authority if there is substantial evidence to sustain its findings. Here the claimant was no novice but had prior experience with the Unemployment Insurance Board. He went to its office on the assigned date, although at a later time, but made no attempt to register and, under the circumstances, the board found his failure to register was due to the claimant's carelessness. Decision affirmed, without costs. Gibson, P. J., Herlihy, Reynolds, Aulisi and Gabrielli, JJ., concur in memorandum by Herlihy, J.